ALVIN HUMPHREY & WIFE, *Appellants,*

*vs.*

THOMAS SEARS, Administrator, &c., *Appellee.*

APPEAL IN EQUITY FROM GREEN COUNTY CIRCUIT COURT.

Where the proofs reported leave the case in great doubt and uncertainty, the cause will be remanded to the circuit for further investigation.

The appellee in this cause filed a bill in the Circuit Court of Green county, to foreclose a mortgage executed by the appellants ; which mortgage was executed by Alvin Humphrey, and Sarah G. L. Humphrey. his wife, to John Sears, of Green county, and was given to secure the payment of a promissory note for the sum of three hundred dollars, bearing interest at twelve per cent. The mortgage and note was dated the first day of November, 1851, and by the terms thereof, the payment became due in one year from date.

The bill sets forth the mortgage in question in the usual form, and also that John Sears, the mortgagee, on the 7th day of January, 1852, died intestate, and that on the 8th day of March following, Thomas Sears, the appellee, took out letters of administration on the estate of John Sears, according to law.

The bill prays for the usual decree of sale of the premises.

To this bill the defendants pleaded, that at the time in said bill of complaint mentioned, the defendant, Alvin Humphrey, was indebted unto one Ephraim Bowen, in the sum of two hundred and fifty dollars,

Dec. Term
1853.

Humprey
& Wife
vs.
Sears.

or thereabouts; that said Bowen, at said date, was indebted unto John Sears, Jr., in a sum equal to, or exceeding the amount of the indebtedness of the defen d ant, to said John Sears ; that said Bowen requested defendant, Humphrey, to settle with and pay to said John Sears, Jr., the amount of the said defendant's indebtedness to said Bowen, for and on account of the said Bowen, and that such payment should be a full discharge of the indebtedness of the defendant ; that Humphrey agreed thereto, and in pursuance of such agreement did, at and before said date of said note and mortgage in said bill mentioned, and since the taking effect of t h statute entitled " An act to limit the rate of interest," passed March 10, A. D. 1851, apply to said John Sears Jr., for a loan of money, and did request him to credit upon the debt due him from said Bowen, the su of two hundred and fifty dollars, the whole of which, including said credit and said loan of money, the defendant offered to secure by his note and mortgage; that said John Sears, Jr., refused to make the credit aforesaid upon said Bowen's debt to said John Sears, Jr., and loan money to the defendant, and receive as security therefor, the defendant's note and mortgage, unless the defendant would pay, or secure to pay, unto said John Sears, Jr., interest upon the whole amount of said two sums, at the rate of twenty-five per cent. per annum ; that thereupon it was agreed between the said defendant and the said John Sears, Jr., that the said John Sears, Jr., should credit the sum of two hundred and fifty dollars upon the debt due him from said Bowen, and should further loan the defendant a sum of money, which said two sums should be upon interest, at the rate of twenty-five per cent. per annum, and that payment of the

same should be secured by the note and mortgage of

the defendant; that upon the day of the date of said note and mortgage in said bill mentioned, the defendant executed his note unto said John Sears, Jr., as in the said bill charged, for the sum of three hundred dollars, payable one year after date thereof, with interest at twelve per cent. per annum; that upon the said day, these defendants, Alvin Humphrey, and Sarah G. L. Humphrey, executed the said mortgage to secure the said note as in and by said bill charged; and that upon the day aforesaid, the defendant, Humphrey, delivered the sum of two hundred and fifty dollars, upon said debt due as aforesaid, and the said John Sears Jr. did thereupon promise to advance to the defendant the sum of twenty dollars or thereabouts, as part of the debt secured by said note and mortgage, or so much money as added two hundred and fifty dollars, with the sum of both amounts upon interest at twenty-five per cent. per annum, should amount to the sum of three hundred dollars, with interest at the rate of twelve per cent per annum, as expressed in said note and mortgage; that the said John Sears, Jr., paid to the defendant the sum of twenty dollars, as the amount due the defendant upon said note and mortgage in said bill mentioned, in addition to the amount credited said Bowen, making in all, the sum of two hundred and seventy dollars, and no greater sum was received by the defendant upon said note and mortgage.

Upon this plea issue was joined, and the trial was had on the 9th of September, 1853.

On the part of the appellants, two witnesses were examined, one of whom testified that he took the acknowledgment of the mortgage in question, and at

the time and before the signing of the same, John Sears had said that he would have twenty-five per cent. interest, and if he could not get that, he would not let it go. That Mrs. Humphrey inquired what rate of interest they would have to pay, to which Mr. Sears replied, twenty-five per cent., and she said that she supposed they would have to stand it. She then signed the mortgage. Witness thought the defendant received from Sears at that time $250, and he understood from the conversation between the parties, that Sears was to take up a mortgage that Bowen had against Humphrey, and that Humphrey was to pay him the same amount of interest that he had paid Bowen, which was twenty-five per cent. $250 was applied on the Bowen mortgage. As witness under stood it, $50 was kept back, and they were to fix it up afterwards. Mr. Humphrey said it was a big interest to pay; he wanted $50 more, but Mr. Sears said he did not know whether he could let him have it or not; that he must have twenty-five per cent. interest.

The other witness testified that he saw Mr. Sears as Mr. Humphrey was leaving, and that Sears told witness he had been lending some money, and that he got twenty-five per cent. interest.

On the part of the appellee, it was proved that Humphrey had said that he had been paying to Bowen twenty-five per cent. interest, and he had bought his paper, and got the money, at twelve per cent. That he got the money of Sears, on better terms, and had got clear of paying twenty-five per cent.

Ephraim Bowen was produced as a witness, and testified that he (witness) held a mortgage against the defendant Humphrey, for $200, drawing interest at 25

Dec. Term
1853.

Humphrey
& Wife
*vs.*
Sears.

per cent. That it amounted to $250 when due, and Humphrey was called upon for the payment of the same. That Sears held the note of witness and one Estee, and if Humphrey would get this up, witness told him he would receive it of him as money on his debt. That Humphrey saw Sears, and he was willing to do so, as it made no difference, so he could have the money at the end of the year. Humphrey then desired witness to fill up a mortgage for $300, at twelve per cent. interest. When Sears saw the mortgage, he said it was not right; that he had only agreed to lend him $250.

Witness further testified that there was considerable more conversation, and Sears said I expected some money from the east in a few days, (I think he mentioned ten days or two weeks), and if I get that, I can let you have the other $50, making in amount $300, as the mortgage stood. Humphrey then proposed to Sears, to let the mortgage stand as it was until he saw whether he got the money, and if he did not get it, endorse the mortgage down to the $250; thinks Humphrey said, if I can get that amount, it will help me through my pinches. Sears then says, if you will pay me twenty-five per cent. on the $50, I will let you have it. Humphrey said, I'll do it. Sears then told me to alter the mortgage to that effect, on the $50. I then said, Sears, you don't want to do anything of the kind, for it will make usury, and throw you out of the whole of it. Sears said, I did not think of that, and told me not to alter the mortgage. I think an expression was used there, that if they were going to do anything of that kind, they must do it between themselves. I can't say whether I said it, or some one else. They then had further

DEC. TERM
1853.

Humphrey
& Wife
vs.
Sears.

talk, and finally concluded that Sears should give Humphrey his note for $50, with twelve per cent., to leave it with the mortgage, and if he got his money he would let him have it; if not, he was to give it up, and have it endorsed on the mortgage. I think I drew the note. The mortgage was then executed, the note signed, and left in that way. I think my situation was such, that I paid attention to what was said; and I think I did pay particular attention to it. I was then present when Mr. Humphrey signed the mortgage.

Upon the testimony and proof thus offered, the Circuit Judge ordered and adjudged that the sum of $366.80, of principal and interest, was due to the complainant on the note and mortgage, and directed a sale of the premises. To reverse this order, an appeal is brought to this court.

*Botkin & Hood*, for the appellants.

The appellants admit the making of the note and mortgage in the bill charged, and in avoidance thereof, interpose a plea of usury, as an entire defence to the same, as provided by *Sec.* 7, *Chap.* 172, *Session Laws of* 1851, and refer the following cases as authority in this case. *Carter's R.* 546 ; 3 *Gillman's R.* 547 ; 1 *id.* 690. In regard to admissions made by plaintiff, &c., 12 *Ill. Rep.* 397 ; 1 *Serg. & Rawle*, 398 ; 2 *Yates*, 464 ; *Phil. Ev. vol.* 3 ; *Cow. & Hill's Notes*, 214.

*D. Noggle*, for the appellee.

*By the Court*, WHITON, J. This is a bill in equity, filed for the foreclosure of a mortgage ; the mortgage debt is alleged in the bill to be three hundred dol-

lars, besides the interest. The defence interposed in
the plea of the defendants, is usury.

We do not desire to comment at length upon the testimony which was introduced to establish or disprove the alleged usury, as we have concluded to reserve the decree, and send the case again to the Circuit, for an error of the judge, growing out of another matter. It is evident from the testimony, that the decree is for a greater sum than is due upon the mortgage. The testimony of the witness, Bowen, introduced by the complainant, to disprove the alleged usury, shows, that Humphrey, the mortgagor, owed him about $250, which was secured by a mortgage; that upon calling upon Humphrey for payment, a conversation was had between them about a note which Sears held against Bowen and one Estee, the amount of which is not stated. In that conversation, it was proposed by Bowen, that if Humphrey would get up this note, Bowen would receive it of him as so much money on his mortgage debt. Afterwards, Humphrey told Bowen that he had seen Sears, and he was willing to make the exchange, that is, to substitute a mortgage from Humphrey to him, in place of the note which he held against Bowen and Estee.

In the same conversation, Humphrey told Bowen to draw a mortgage for $300, at twelve *per cent.* interest. It appears further, from the testimony of Bowen, that when Sears saw the mortgage for $300, he objected to it, telling Humphrey that he had only agreed to let him have $250, and that a conversation was had between Sears and Humphrey upon the subject, in the course of which Sears said he was expecting to receive some money, and if he got it, he would let Humphrey have it. The conversation resulted in an offer on the

part of Sears to let Humphrey have the additional $50, if he would pay him twenty-five per cent. interest for it, and an acceptance of the offer by Humphrey. Bowen was then directed by Sears to alter the mortgage, so as to make it correspond with this arrangement; but upon being told by Bowen that this would make the mortgage void for usury, Sears withdrew his offer. At this time some one said, if they were going to do anything of that kind, they must do it between themselves. They then had further conversation, and finally concluded that Sears should give Humphrey his note for $50, at twelve per cent. interest, *but that it should be left with the mortgage*, and if Sears got the money he would let Humphrey have the $50; if not, the note was to be given up, and the amount endorsed upon the mortgage. It appears that the note was drawn and left with the mortgage, in pursuance of this arrangement.

If this conduct of these parties was not a mere cover for usury, it is evident that the decree is for too much; as the testimony pretty clearly shows, that Humphrey received, at the time he gave the mortgage for $300, only the sum of $250, and there is no testimony to show that any further sum was afterwards received by him; nor is there any testimony to show that the note for $50, which was drawn by Sears in favor of Humphrey, but left in the possession of Sears, was ever delivered to Humphrey. So that the result of the testimony is, either that the drawing of the mortgage for $50 more than was received by the mortgagor, upon the promise of Sears that he would advance that sum afterwards, or endorse it upon the mortgage, together with the drawing of a note by Sears for that amount in favor of Humphrey, but

keeping it in his own possession, were *facts* of a trick or artifice to cover up and conceal usury, or else that the decree should have been for the sum of $250 only, and the interest upon it, that being the sum which was actually received by the mortgagor, according to the testimony.

We have so much doubt upon the subject of usury, that we have concluded not to make a final decree in the case, but to send the case again to the Circuit, in order that the question may there be decided. We have adopted this course with less hesitation, on account of the imperfect manner in which the testimony is reported. The decree must therefore be reversed, and the cause remanded for further proceedings.